UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALNEL MORANCY, Petitioner, v. CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, Respondent. | Case No.: 3:26-cv-5381-CAB-JLB<br><br>**ORDER GRANTING A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Walnel Morancy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner alleges that he presented himself at the United States border on July 8, 2023 and was released on parole. [Petition at 2.] He has a pending asylum application. [*Id.*] He was recently re-detained on September 12, 2026 in a grocery store parking lot while on a shopping trip with his family. [*Id.*]

Respondent does not contest any of Petitioner's asserted facts. [Doc. No. 4.] Nor does Respondent allege that there has been a change of circumstances warranting

Petitioner's detention.[1] Indeed, Respondent acknowledges that "Petitioner was previously released from immigration custody on parole" and "ha[s] insufficient information regarding termination of that parole . . . to provide to the Court." [*Id.* at 2.] Respondent therefore "does not oppose the [P]etition and defers to the Court on the appropriate relief." [*Id.* at 3.]

The Court therefore **GRANTS** a writ of habeas corpus and **ORDERS** Respondent to immediately release Petitioner Walnel Morancy under the same conditions of release that existed immediately prior to his most recent re-detention.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: October 7, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Respondent's one sentence "note[] that Petitioner attempted to flee from law enforcement after being detained, resulting in the use of leg restraints," [*id.* at 3], is not to the contrary. Respondent makes this statement (1) after his discussion of the merits and non-opposition and (2) without supporting documentation. Moreover, as Petitioner points out, the attempt to flee was *after* detention, which does not support changed circumstances, danger, or risk of flight warranting detention *before* it occurred.